**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ADVANTAGE MEDIA, L.L.C.,

Plaintiff,

v.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 04-4959 (MJD/JJG)

CITY OF HOPKINS, Minnesota,

Defendant.

---

E. Adam Webb, Webb & Porter, LLC, and Stephen W. Cooper, Cooper Law Office, Counsel for Plaintiffs Advantage Media, L.L.C., and Hispanic Chamber of Commerce of Minnesota.

Paul D. Reuvers and Jason J. Kuboushek, Iverson Reuvers, LLC, Counsel for Defendant City of Hopkins.

---

## I. INTRODUCTION

This matter is before the Court on Plaintiff Advantage Media, L.L.C.'s Motion for Attorney Fees [Docket No. 89] and Defendant City of Hopkins' Motion for Attorney Fees [Docket No. 95].

## II. FACTUAL BACKGROUND

Plaintiff Advantage Media, L.L.C. ("Advantage") is a Minnesota company that develops and operates advertising signs used by businesses, churches, organizations, and individuals to communicate both commercial and

noncommercial messages. Former Plaintiff Hispanic Chamber of Commerce of Minnesota ("HCCM") is a 200-member nonprofit community and economic development organization that provides training, technical assistance, workforce development, and other resources to Latino individuals and entrepreneurs. Defendant is the City of Hopkins ("the City"). The City is a suburban community of over 17,000 residents located thirteen miles from Minneapolis.

Advantage applied for permits to build four 672 square-foot tri-vision billboards in the City. The City did not process, and subsequently denied, Advantage's permit applications. Advantage filed suit against the City on December 8, 2004, alleging that the City's sign ordinance in effect at that time ("Former Ordinance") violated the First Amendment, both facially and as-applied to Advantage. On July 5, 2005, Plaintiffs filed a Motion for a Preliminary Injunction seeking to enjoin enforcement of the Former Ordinance. This Court granted Advantage's Motion on July 29, 2005, and enjoined the City from enforcing the Former Ordinance. Advantage Media, L.L.C. v. City of Hopkins, 379 F. Supp. 2d 1030, 1033 (D. Minn. 2005). The Court held that Advantage demonstrated a likelihood of success on the merits of its claims that the Former Ordinance was content-based, failed strict scrutiny analysis, favored commercial over non-commercial speech, and violated equal protection.

On August 16, 2005, the Hopkins City Council repealed the Former

Ordinance. The City Council then enacted Ordinance No. 2005-955, a new sign ordinance ("2005 Ordinance"). The 2005 Ordinance was made effective immediately upon enactment on August 16, 2005. The 2005 Ordinance specified that the contents of a proposed sign would not be taken into account in determining whether to grant or deny a sign permit. The largest sign permitted anywhere within the City, under either the Former Ordinance or the 2005 Ordinance was 250 square feet.

Subsequently, Plaintiffs filed a Motion for Partial Summary Judgment asking the Court to enter an order allowing them to erect the four signs in question. Plaintiffs also sought an opportunity to prove their damages before a jury. The City filed a Motion for Summary Judgment arguing that the signs should not be developed because the proposed signs violated other provisions of the City's zoning laws, namely, the setback requirements and size restrictions within the 2005 Ordinance.

On January 5, 2006, the Court issued its Order 1) dismissing HCCM for lack of standing; 2) denying Advantage's Motion for Partial Summary Judgment; and 3) granting in part and denying in part the City's Motion for Summary Judgment by denying summary judgment on the issue of the existence of legal damages to Advantage and dismissing Advantage's equitable request for an order to allow construction of the signs. Advantage Media, L.L.C. v. City of Hopkins, 408 F.

Supp. 2d 780, 797 (D. Minn. 2006).

In its Order, the Court held that Advantage was not a prevailing party at that stage in the litigation. It held, "Advantage is not a prevailing party because the [Preliminary Injunction] was preliminary in nature and was not a decision that granted actual relief on the merits." Id. at 796.

A jury trial on the issues of whether the City refused Advantage's billboard applications based on their content and whether Advantage was entitled to nominal damages began on September 25, 2006. On September 26, 2006, the jury returned a verdict against Advantage on both questions. On September 28, 2006, the Court entered judgment in favor of the City. Advantage did not appeal the judgment.

Advantage requests the portion of its fees and costs incurred from December 6, 2004, two days before the Complaint was filed, through August 4, 2005, the day after the City passed the interim ordinance. The City requests attorney fees and costs incurred in this litigation to be paid by HCCM and Advantage.

## III. DISCUSSION

### A. Advantage's Motion for Attorney Fees

#### 1. Standard for Determination of Prevailing Plaintiff

In any action brought to enforce 42 U.S.C. § 1983, "the court, in its

discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). To be a prevailing party, a plaintiff "must 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Forest Park II v. Hadley, 408 F.3d 1052, 1059 (8th Cir. 2005) (quoting Farrar, 506 U.S. at 109). If a plaintiff does not achieve any success on its § 1983 claim, its claim for attorney fees as a prevailing party must fail. Id. (citing Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n, 515 U.S. 582, 592, (1995).

Although, in past cases, courts have awarded attorney fees when a plaintiff's lawsuit was a catalyst for the defendant's voluntary compliance, in 2001,

> the Supreme Court rejected the "catalyst theory" then prevailing in the circuit courts, which permitted a plaintiff to recover fees if the lawsuit achieved the desired result through a voluntary change in the defendant's conduct. Instead, the Court held that, to be a prevailing party entitled to a statutory attorneys' fee award, a party must obtain a judicially sanctioned material alteration of the legal relationship of the parties to the lawsuit.

N. Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1085 (8th Cir. 2006) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources, 532 U.S. 598, 604-05 (2001)).

In the case where a plaintiff successfully obtains a preliminary injunction, but the case then becomes moot, "a preliminary injunction granting temporary relief that merely maintains the status quo does not confer prevailing party status." N. Cheyenne Tribe, 433 F.3d at 1086 (citations omitted). However, "some preliminary injunctions are sufficiently akin to final relief on the merits to confer prevailing party status. . . . For example, the grant of a preliminary injunction should confer prevailing party status if it alters the course of a pending administrative proceeding and the party's claim for a permanent injunction is rendered moot by the impact of the preliminary injunction." Id. (citations omitted).

### 2. Whether Advantage Is a Prevailing Party

Advantage asserts that it is a prevailing party because the Court's issuance of the Preliminary Injunction barred the City from enforcing its unconstitutional sign ordinance against Advantage and the citizens and organizations of the City and caused the City to adopt a new ordinance in order to comply with the Constitution.

Advantage argues that its litigation caused the City to repeal the Former Ordinance and pass the new 2005 Ordinance. It notes that the 2005 Ordinance even contained reference to this lawsuit and the Preliminary Injunction. However, as the Court already noted, the Supreme Court rejected the catalyst

theory of recovery in Buckhannon. The City's voluntary enactment of the 2005 Ordinance, based on the Court's preliminary holding that Advantage demonstrated a likelihood of success on the merits of its claim, did not constitute a judicially sanctioned material alteration of the legal relationship between Advantage and the City.

Even after the Preliminary Injunction, Advantage's claims were not all mooted. It proceeded to trial on the issue of whether the unconstitutional content-based requirements of the Former Ordinance damaged Advantage and lost. Advantage did not obtain the relief it sought - it is still unable to erect its signs and was not entitled to compensatory or nominal damages.

Nothing in the Preliminary Injunction said "that Advantage Media could build 672 square foot billboards." Advantage Media, L.L.C., 408 F. Supp. 2d at 793. Instead, the Preliminary Injunction determined that Advantage was likely to succeed on the merits of its constitutional claims, which it ultimately did not. Advantage obtained no judgment in its favor - not even nominal damages. It did not obtain a declaratory judgment that the Former Ordinance was unconstitutional. In any case, "a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party. Of itself, the moral satisfaction [that] results from any favorable statement of law cannot bestow

prevailing party status." Farrar v. Hobby, 506 U.S. 103, 112 (1992) (citation omitted). When the plaintiff "can point to no effect that the judicial declaration had on the City's behavior toward [the plaintiff] . . . [the plaintiff] did not receive an 'enforceable judgment' and was not a prevailing party." Sierra Club v. City of Little Rock, 351 F.3d 840, 845 (8th Cir. 2003). Cf. Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 801-02 (8th Cir. 2006) ("[§ 1988 attorney fees] can be awarded only to a prevailing party who receives actual relief on the merits of his claim; Advantage could never be such a party, for even in victory it would be no closer to erecting its billboards or obtaining damages than when litigation began.") (citations omitted).

The Court concludes that Advantage is not a prevailing party entitled to an award of attorney fees and costs. Although Advantage's lawsuit did indeed influence the City to repeal an ordinance that was likely unconstitutional and enact a new constitutional sign ordinance, Advantage did not obtain a judicially sanctioned material alteration to the parties' legal relationship in a manner that benefitted Advantage. As the jury determined, the unconstitutionality of the previous ordinance did not cause any injury to Advantage, and Advantage did not obtain the right to erect its signs. While in a broad sense Advantage's lawsuit served a public good by influencing the City to change its sign ordinance to conform to the Constitution, Advantage did not prevail under the standards of

§ 1988. Because Advantage is not a prevailing party, it is not entitled to attorney fees and costs. The Court now turns to the City's request for attorney fees.

**B. The City's Motion for Attorney Fees**

**1. Standard for Award of Fees to Prevailing Defendant**

Pursuant to 42 U.S.C. § 1988(b), a prevailing defendant may recover fees if the plaintiff's suit was "frivolous, unreasonable, or groundless." Dillon v. Brown County, Neb., 380 F.3d 360, 365 (8th Cir. 2004) (citation omitted). When conducting this inquiry, "courts should 'resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978)).

**2. Whether the City Is Entitled to Attorney Fees**

**a. Advantage**

The City requests that the Court order Advantage to pay all of its attorney fees. The City argues that Advantage knew at the time it submitted its billboard applications that the largest sign permitted anywhere in Hopkins was 250 square feet. It asserts that Advantage knew its applications were improper, particularly in light its experience with sign ordinance litigation. It notes that this Court has previously viewed Advantage's tactics "with dim suspicion" because it "attempted

to engineer an artificial vested right" to construct its billboards. Advantage Media, L.L.C. v. City of Hopkins, 408 F. Supp. 2d 780, 796 (D. Minn. 2006).

Advantage began this lawsuit with a plausible claim. It succeeded in its motion for a preliminary injunction, thereby influencing the City to repeal the Former Ordinance and enact a new sign ordinance. After the Court found it likely that the City's Former Ordinance was unconstitutional, the Court cannot say that it was unreasonable or groundless for Advantage to seek damages based on the City's enforcement of the Former Ordinance against Advantage. A trial on the merits was required to resolve Advantage's claim that the City rejected its application based on content.

The Court holds that this lawsuit cannot be labeled as frivolous, unreasonable, or groundless simply because Advantage failed to succeed on its claims. Although the Court viewed some of Advantage's litigation techniques with suspicion, overall, the lawsuit was not frivolous. In a general sense, Advantage's lawsuit served a public interest by being a catalyst for the City to rid itself of an unconstitutional content-based ordinance. The City is not entitled to attorney fees.

**b. HCCM**

The City requests that HCCM be held jointly liable for the City's attorney fees and costs incurred through the date of the summary judgment order

dismissing HCCM. The City asserts that HCCM asserted claims against the City although it had no legitimate interest in the outcome of the litigation and had been recruited by Advantage as a "straw man."

When this Court dismissed HCCM as a party, it did not conclude that HCCM's claims were frivolous, groundless, or unreasonable. Although, through discovery, it became apparent that HCCM was not a proper party to this lawsuit, its claims were not lacking an arguable basis in fact or law such that the City is entitled to attorney fees.

**IT IS HEREBY ORDERED** that:

1. Plaintiff Advantage Media, L.L.C.'s Motion for Attorney Fees [Docket No. 89] is **DENIED**.

2. Defendant City of Hopkins' Motion for Attorney Fees [Docket No. 95] is **DENIED**.

Dated: Janaury 28, 2007

s / Michael J. Davis
Judge Michael J. Davis
United States District Court